UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE JEAN PARKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4234** |
| **THE MEDICAL TEAM, ET AL** | **SECTION "A" (3)** |

**ORDER AND REASONS**

Before the Court is an application for appointment of counsel [Doc. ## 1, 7] filed pursuant to 42 U.S.C. 2000e-5(f)(1) by pro se plaintiff, Willie Jean Parks ("Parks").[1] Plaintiff was at all pertinent times a fifty-eight year old white female employed by The Medical Team. Plaintiff's EEOC charge alleges that she was a victim of race and age discrimination. More particularly, Ms. Parks alleges that, on July 25, 2007, she was discharged for reporting to work late and that a similarly situated younger black employee (who did not report to work or call the office for a three day period) was not discharged.

On November 13th, 2008, the undersigned Magistrate Judge conducted a telephone hearing regarding plaintiff's requests for appointment of counsel, following which the matter was taken under advisement. The Court, having considered the premises, DENIES petitioner's application for appointment of counsel at this stage of the proceedings for the following reasons.

Plaintiff does not have either a constitutional right or an automatic right to appointed counsel in a civil case.[2] Unlike a criminal defendant, an indigent civil rights litigant, even if incarcerated,

---

[1] *See* Plaintiff's Applications for Appointment of Attorney [Doc. ##'s 1, 7].

[2] *See Caston v. Sears, Roebuck and Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977).

does not have a right to appointed counsel absent "exceptional circumstances."[3]  Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case.[4]  The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice.[5]  The plaintiff bears the burden of persuasion as to the *necessity* of such an appointment.[6]

The evidence which must be adduced includes the plaintiff's indigence and efforts made by the plaintiff to secure counsel; however, these are bare minimum *threshold* considerations.  Plaintiff credibly testified that she has made efforts to secure counsel; however, that, in and of itself, is insufficient to warrant court-appointed counsel.  Even assuming that plaintiff has exhausted all avenues in her effort to retain counsel, this Court is not convinced that the plaintiff's situation justifies the special benefit of having counsel appointed to represent her at this time.

In making this determination, the undersigned has considered all of the following factors: (a) the type and complexity of the case; (b) whether the plaintiff is capable of presenting her case adequately; (c) whether she is in a position to investigate her case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation

---

[3] *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir.1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Systems Protection Board*, 2002 WL 1216023 (E. D. La.) (Shushan, M. J.);  *Sly v. Stalder*, 2002 WL 31371958 (E. D. La.) (Wilkinson, M. J.).

[4] *See Salmon v. Corpus Christi Independent School District*, 911 F.2d 1165, 1166 (5th Cir. 1990).

[5] *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon v. Corpus Christi Independent School Dist.*, 911 F.2d 1165, 1166 (5th Cir.1990).

[6] *See Caston,* 556 F.2d at 1310.

of evidence and in cross-examination.[7] The court should also consider whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case.[8]

As to the complexity of the plaintiff's claim, the matter concerns one instance of alleged disparate treatment which culminated in her discharge. Plaintiff was a direct participant in the circumstances that form the basis of her EEO complaint. The centerpiece of plaintiff's allegations is her allegedly more severe punishment (discharge) based on her race and age. Although it is difficult to determine at this early stage of the proceeding either that cross-examination of witnesses will be required or that the case is susceptible of summary disposition, the Court notes that plaintiff is well-spoken and represented her claim regarding this solo instance of alleged disparate treatment handily at the telephone hearing.

The Court recognizes that every litigant benefits by having an attorney. However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, she will have particular difficulty in investigating and presenting her case, such that her situation justifies the special benefit of having counsel appointed to represent her. As aforestated, plaintiff was very articulate and had no difficulty presenting the circumstances of her case of alleged discrimination to the undersigned in the context of the telephone hearing. Plaintiff has failed to make the requisite showing.

For reasons set forth above, the Court finds that this is not the type of *extraordinary* case in which appointment of counsel will necessarily assist either the parties or the court with presentation of the issues. Rather, on balance, the factors set forth above weigh against granting plaintiff's

---

[7] *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir.1992); *Ulmer*, 691 F.2d at 213.

[8] *Id.*

application for the appointment of counsel at this early stage of the proceedings. Accordingly,

**IT IS ORDERED** that Willie Jean Parks' Requests for Appointment of Counsel ##'s 1, 7 are DENIED.

### OBJECTIONS

Plaintiff may file objections to the undersigned magistrate judge's findings. However, any such objections must be filed within ten (10) days of the date that this order is entered, excluding weekends and holidays. Additionally, plaintiff's objections must be: (1) specific, (2) in writing, and (3) served within ten days after being served with a copy of this order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). Plaintiff's failure to object will bar him from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the unobjected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 17th day of November, 2008.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**